U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

DEC - 6 2011

CLERK, U.S. DISTRICT COURT
by_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROBIN A. POEHLEIN,                    §
                                      §
             Plaintiff,               §
                                      §
VS.                                   §   NO. 4:11-CV-485-A
                                      §
DOLGENCORP OF TEXAS, INC.,            §
                                      §
             Defendant.               §

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion to abstain and remand
filed in the above action by plaintiff, Robin A. Poehlein.
Defendant, Dolgencorp of Texas, Inc., filed a response.  Having
considered all of the parties' filings in this case, the court
concludes that the motion should be denied.

I.

Background

Plaintiff initiated this removed action by the filing on May
13, 2011, of her original petition and request for disclosure in
the District Court of Tarrant County, Texas, 17th Judicial
District.  In her state court petition plaintiff alleged that she
was in line at one of defendant's stores, when an employee who
was mopping the floor swung the mop, hitting her ankle and
causing her to fall.  Plaintiff alleged she suffered past and

future physical pain and mental anguish, past and future medical expenses, and physical impairment. Plaintiff prayed for recovery of actual damages, pre- and post-judgment interest, costs of suit, and for any other relief to which she was entitled.

Defendant removed the case to this court on July 15, 2011, asserting as the basis for the court's jurisdiction diversity of citizenship pursuant to 28 U.S.C. § 1332. As to the amount in controversy, defendant alleged that "[t]he amount in controversy in this matter, exclusive of interest and costs, exceeds the sum or value of $75,000." Notice of Removal at 2. Defendant directed the court to nothing in the state court petition to support its conclusory assertion concerning the amount in controversy.

Because of a concern that defendant had failed properly to establish the basis of the court's jurisdiction, the court ordered defendant to file an amended notice of removal, together with affidavits, declarations, or other supporting documents, that set forth with specificity the basis of defendant's assertion that the amount in controversy exceeded $75,000.00 as required by 28 U.S.C. § 1332.

Defendant filed the amended notice of removal on July 29, 2011. The amended notice of removal included a letter from plaintiff's attorney, dated February 11, 2011, sent to

2

defendant's risk management department, concerning plaintiff's injuries.  The letter indicated plaintiff's willingness to discuss settlement, and stated that in light of the "severity of the injuries," counsel believed the case to be valued in excess of defendant's policy limits.  Plaintiff's counsel attached to the letter copies of plaintiff's medical records reflecting treatment she had received as a result of her injuries, including treatment of her neck, shoulder, and elbow, and surgery on her spine.  The letter indicated that plaintiff's "total medical damages incurred to date are $73,444.10."  Am. Notice of Removal, Ex. A at 1.

Thus, defendant maintains that based on the aforementioned evidence, it is facially apparent that the amount in controversy exceeded $75,000 at the time of removal.  Alternatively, defendant argues that plaintiff's $73,444.10 in medical costs incurred as of February 18, 2011, combined with the alleged damages for past and future physical pain, mental anguish, and physical impairment make it more likely than not that plaintiff's damages exceeded the jurisdictional minimum.

II.

## The Motion to Remand

The basis of plaintiff's motion to remand is a series of emails plaintiff's counsel sent to defendant's counsel following

removal.  More precisely, the emails to defendant's counsel followed the court's July 19, 2011, order requiring defendant to file an amended notice of removal.  The first such email, dated July 22, 2011, claimed that plaintiff's medical bills were originally $75,292.56, that $30,561.22 had been written off, and that plaintiff was asserting a "total claim for damages of $74,999.99 inclusive of costs and expenses at this time."  App. in Supp. of Mot. to Abstain and Remand at 26.  In the second email, sent August 3, 2011, plaintiff again agreed to "stipulate that the amount in controversy does not exceed $75,000.00, exclusive costs and interest."  Id. at 4.

Plaintiff also relied on section 41.0105 of the Texas Civil Practice & Remedies Code that limits recovery of medical or health care expenses to "the amount actually paid or incurred by or on behalf of the claimant."  An affidavit provided by one of plaintiff's attorneys explained that plaintiff had incurred $78,809.45 in medical expenses; of that amount, $39,976.17 has been paid, and the medical providers wrote off $32,190.29, leaving a balance of $6,642.99.  Thus, section 41.0105 would limit plaintiff's recovery for medical expenses to $46,619.16, plus any amounts that may be awarded for pain and suffering, mental anguish, and/or physical impairment.

III.

Analysis

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district courts would have original jurisdiction.  The removing party bears the burden of establishing that federal subject matter jurisdiction exists.  Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  Any doubts about whether removal is proper must be resolved against the exercise of federal jurisdiction.  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for purposes of diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition.  Manguno, 276 F.3d at 723. When the petition does not make a specific monetary demand, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Id.  "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."  Id.

5

Once the defendant has established the amount in
controversy, "subsequent events that reduce the amount in
controversy to less than $75,000 generally do not divest the
court of diversity jurisdiction." Gebbia v. Wal-Mart Stores,
Inc., 233 F.3d 880, 883 (5th Cir. 2000) (citing St. Paul Mercury
Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938)).    Thus,
the plaintiff's post-removal attempts to reduce his or her claims
below the requisite amount in controversy--whether "by
stipulation, by affidavit, or by amendment of his pleadings"--do
not deprive the court of jurisdiction.    St. Paul Mercury Indem.
Co., 303 U.S. at 292.

Defendant contends that it is facially apparent from the
face of plaintiff's petition that the amount in controversy
exceeds the jurisdictional amount, based on plaintiff's claim for
damages for past and present physical pain and mental anguish,
past and future medical expenses, and physical impairment.
Defendant relies on Gebbia and a decision by another judge of
this court in Salinas v. Walmart Stores Texas, LLC, Case No.
3:10-CV-1691-L, 2010 WL 5136106 (N.D. Tex. Dec. 16, 2010).    In
each case, the court found that the plaintiff alleged
sufficiently serious injuries to show on the face of the petition
that the amount in controversy exceeded the jurisdictional
minimum.    Defendant argues that plaintiff's injuries as alleged

6

here are similar to those alleged in the cited cases and the amount in controversy is thus apparent from the face of the petition.

Although the court is inclined to agree, it need not conclusively resolve that question, because the court concludes that the amended notice of removal and the summary judgment-type evidence attached thereto establish that the amount in controversy exceeded $75,000 at the time of removal. The February 18, 2011, letter from plaintiff's counsel to defendant indicated plaintiff's medical expenses at that time were $73,444.10. That figure, combined with the other damages sought by plaintiff in the petition, made it more likely than not that the total amount in controversy at the time of removal exceeded $75,000, exclusive of interest and costs. See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (jurisdictional facts supporting removal must be considered as of the time of removal).

Plaintiff has directed the court to no evidence whereby she stipulated, or offered to stipulate, to an amount of damages of less than $75,000 prior to the time of removal. Although plaintiff now claims her recoverable medical expenses are only $46,619.16, the court cannot find in the record where that amount was made known to defendant prior to the time of removal.

Plaintiff's reliance on section 41.0105 of the Texas Civil Practice & Remedies Code also does not support her argument for remand.  As discussed above, the court must determine its jurisdiction based on the facts known at the time of removal. Plaintiff has directed the court to nothing in the record showing that at the time of removal her medical expenses "actually incurred," as contemplated by section 41.0105, were less than the $73,444.10 she represented to defendant.  Plaintiff's attempted post-removal offers to stipulate to an amount in controversy below $75,000 are ineffective to divest the court of jurisdiction.  See St. Paul Mercury Indem. Co. 303 U.S. at 289-90; Gebbia, 233 F.3d at 883.

Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

SIGNED December 6, 2011.

_____
JOHN McBRYDE
United States District Judge

8